IN THE U.S. BANKRUPTCY COURT

NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: Grant Thomas Wilcox | Bankruptcy Case: 20-51998-amk |
| Grant T. Wilcox,<br>9858 Green Drive<br>Windham, OH 44288<br>　　　　Plaintiff, Debtor<br>　　　Vs.<br>Sara N. Wilcox<br>9268 Mulberry Road SE<br>Mount Perry, OH 43760<br>　　　Defendant, Creditor<br>　　　&<br>Herbert Baker<br>301 Main Street<br>Zanesville, OH 43701<br>　　　Defendant, Creditor | Adversary Case:<br><br>Honorable Alan M. Koschik<br><br>COMPLAINT FOR VIOLATIONS OF<br>11 U.S.C § 362(A) |

## Introduction

1. This action seeks redress for the violations of the automatic stay committed by the Defendant's in connection with efforts to collect a debt that has been was stayed by the Debtors previous Ch. 13 bankruptcy filing and now current Ch. 13 bankruptcy filing.

2. Plaintiff states the following facts in support of his complaint for violations of 11 U.S.C. § 362(a) against the Defendants.

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 1

3. This action is also filed to enforce the Automatic Stay that became effective on, to implement other Bankruptcy Code provisions and Rules related thereto, and to prevent further abuse from the Defendant's.

## Jurisdiction

4. Jurisdiction is conferred on this Court pursuant to the provision of 28 U.S.C § 1334 in that this proceeding arises in and is related to the above captioned Chapter 13 bankruptcy case.

5. This Court has both personal and subject matter jurisdiction to hear this case pursuant to 28 U.S.C. § 157 (b)(2) and § 1334.

6. This matter is a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.

7. Venue lies in the District pursuant to 28 U.S.C. § 1409.

## Parties

8. Plaintiff is the debtor in the current Chapter 13 Case Number 20-51998-amk.

9. Defendant Sara N. Wilcox(former spouse) was listed as a creditor in the Plaintiffs Ch. 13 bankruptcy case with a last known address of 9268 Mulberry Road, Mount Perry, OH 43760.

10. Defendant Herbert Baker was listed as a creditor in the Plaintiffs Ch. 13 bankruptcy case due to being awarded attorney fees in contempt

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 2

proceedings with a last known address of 301 Main Street, Zanesville, OH 43701.

**Facts**

11. Defendant Sara N. Wilcox was awarded a property settlement judgement in the parties state divorce case.

12. On October 20th, 2017 the Defendant Wilcox through her attorney Herb Baker filed a motion for contempt against Debtor for failing to pay the debt equalization payments, failure to pay credit card payments, failure to sign power of attorney to the creditor, and failure to submit a QDRO (Qualified Domestic Relations Order) to split the Debtor retirement account.

13. On September 28th, 2018 the Domestic Relations magistrate found the Debtor in Contempt of Court and sentenced the debtor to 30 days in jail and suspended the sentence with the opportunity to purge his contempt if he completed the following; 1. Make a lump sum debt equalization payment 2. Started making monthly payments to Plaintiff, 3. Submit a qualified domestic relations order (QDRO) pertaining to debtors retirement account and pay to have an attorney prepare one 4. Sign a power attorney regarding "certain real estate" and pay for an attorney to

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 3

draft the power of attorney 5. Pay attorney's fees to Defendant Herb Baker.

14. On October 29th, 2019 the Domestic Relations Magistrate issued a decision to impose the 30 day jail sentence because Debtor had failed to purge his contempt and the Court scheduled and imposition hearing with Domestic Relations Judge on December 30th, 2019.

15. On December 23rd, 2019 Debtor filed a Ch. 13 bankruptcy case (19-53018-amk) with the Automatic Stay going into affect.

16. On December 24th, 2019 Debtor's Domestic Relations Attorney notified the Domestic Relations Court and the Defendants about the Debtor filing of a Ch. 13 bankruptcy.

17. On December 30th, 2019 Defendants showed up and participated in the imposition of sentence hearing. Debtor appeared at the hearing through counsel again notified the Domestic Relations Court about the bankruptcy filing. The court issued a capias or bench warrant for the arrest of the Debtor for failing to appear at the imposition of sentence hearing. Even though the Defendants were aware of the Debtors bankruptcy filing they violated the automatic by failing to prevent the Domestic Relations Court from issuing the civil capias for the arrest of the Debtor.

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 4

18. On January 2nd, 2020 Debtor was granted a restraining order from the Bankruptcy against the Creditors. Which in sum essence directed them to contact the Domestic Relations to rescind the civil capias or bench warrant.

19. Debtors Domestic Relations Attorney again moved the Domestic Relations to rescind the warrant and even attached a copy of the restraining order. On January 6th, 2020 the motion by Debtor's attorney was DENIED. Creditors still hadn't filed anything in the Domestic Relations Court despite being fully aware of the restraining order issued by the bankruptcy court.

20. On February 7th, 2020, the Domestic Relations Court closed the case and sentenced the Debtor to a 30 day jail term. At this time Creditors still hadn't follow the requirements as set forth in the restraining order. However the Civil Capias was rescinded by the Domestic Relations Court.

21. Afterwards Debtor moved to dismissed his Ch. 13 bankruptcy case for a number of reasons including following the advice of the Court to seek counsel, Debtor started a new job and was working longer hours than expected at first. Debtor was also intimidated by the Creditors "threat" that they would take action to prevent Debtor from seeing Creditor

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 5

Wilcox and the Debtors son if the Debtor didn't dismiss the bankruptcy action.

22. On October 21st, 2020 the Domestic Relations Court conducted another at the request of the Creditors after settlement negotiations failed between the parties. At the hearing Creditor Baker requested that the Debtor (or his parents) pay them $30,000 to settle the contempt. Debtor didn't have the money and the Domestic Relations Court ordered the Debtor to report to jail for failure to purge his civil contempt initiated by the Creditors.

23. On November 2nd, 2020 despite objections and requests for to stay the jail report date the Domestic Relations Court issued another Civil Capias or Bench Warrant for the arrest of the Debtor.

24. On November 4th, 2020 the Debtor filed his second Ch. 13 bankruptcy action. The Domestic Relations Court and Creditors were notified of the bankruptcy filing. Creditors took no action to move the Domestic Relations Court to rescind the Civil Capias despite the Bankruptcy filing.

25. In the early morning of November 13th, 2020 law enforcement showed up at Debtors house seeking to arrest Debtor for the civil capias issued by the Domestic Relations Court.

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 6

26. On December 1st and 2nd, 2020 Debtor requested that Creditor Baker to action to have the capias warrant rescinded. Creditor Baker never answered debtors request.

27. In the morning of December 10th, 2020 before Debtors 341 meeting, Debtor was detained by law enforcement while he was at a local gas station. He was informed that there was a warrant for his arrest out of Licking County. Debtor was let go after being detained for over an hour however Debtor missed the 341 hearing. No traffic citation was issued.

28. On December 16th, 2020 Debtor was driving to work when local law enforcement again conducted a traffic stop. Debtor was forced out of his vehicle, handcuffed and told Licking County had issued a criminal arrest warrant for the Debtor. Upon release (Licking County declined to transport Debtor) the Officer informed debtor that Licking County has the Civil Capias entered into the criminal warrant database and that Debtors license plates are flagged as having an active warrant. Debtor was emotionally distressed and was late for reporting to work because of the detainment. No traffic citation was issued.

29. On December 17th, 2020 law enforcement kicked in Debtors front door of his house and arrested Debtor for the civil warrant out of Licking County. Debtor was injured in the raid and transported to the hospital

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 7

where was detained. Debtor was told by law enforcement they would "go easy" on the Debtor if he gave up his right to a criminal rule 4 hearing. Debtor demanded to speak to his attorney and be brought before a judge immediately. Debtor was imprisoned for a duration of 5 days causing Debtor to miss work (no call no show) and was denied to access to his medications, medical device and phone.

30. On December 24th, 2020 Debtor requested that the Licking County Sheriff update the criminal warrant database that the warrant is civil.

31. On January 4th, 2020 while Debtor was traveling from his place of employment to his home he was again stopped by law enforcement. Debtor was informed again that there is a warrant out of Licking County for his arrest. After about an hour he was released and again not issued a citation.

32. The above actions by the Creditors/Defendants willfully violated the automatic stay as defined by 11 U.S.C. § 362(a)(1),(2),(3) and (6).

33. Creditors violation of the automatic stay under 11 U.S.C § 362(a), the debtor has suffered physical and psychological injury, economic loss and legal fees.

**Plaintiff prays for this Court to award damages in an amount to be determined against the Defendants, for attorney fees (Domestic Relations Attorney attempting to stop the civil proceedings) and for all other relief to which the Debtor is entitled to.**

Respectfully Submitted,

/s/ Grant T. Wilcox
Debtor, Pro Se
9858 Green Drive
Windham, OH 44288
330-990-5416
grant.wilcox@gmail.com

COMPLAINT FOR VIOLATIONS OF 11 U.S.C § 362(A)- 9