UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

---

In re:                              : Case No. 20-51998-AMK
                                    :
    GRANT THOMAS WILCOX,        : Chapter 13
                                    :
                                    : Judge Alan M. Koschik
    Debtor.                     :
                                    :

---

## REPLY TO DEBTOR'S RESPONSE TO CREDITOR'S OBJECTION

Now comes Sara Butts f/k/a Sara Wilcox ("Butts"), by and through her undersigned counsel and hereby submits her Reply to Debtor's Response to Creditor's Objection (the "Reply"). In support of her Reply, Butts states as follows:

1. Butts submits this Reply to protect the record and correct the record in this case. Debtor complains that Butts is trying to disrupt his bankruptcy case and interfere with his plan. Butts is doing nothing of the sort. What Butts is trying to do is ensure compliance with the Bankruptcy Code and that the Debtor is prosecuting his case in good faith. The Debtor will be shown to be doing neither.

2. The Debtor attached to his Response to Creditor's Objection (Doc. No. 59) (the "Response") a document purported to be an affidavit of a person, Jamie Carnahan, claiming to

reside with the Debtor. The purported affidavit is not reliable or admissible in evidence because it is not notarized. Further, attached hereto as Exhibit A is a public record document, which is admissible in evidence, showing Jamie Carnahan's signature. A quick comparison of the signature on the purported affidavit and the signature on Exhibit A show a clear difference. It is not at all certain that Jamie Carnahan signed the purported affidavit at all.

3. Most damning, attached hereto as Exhibit B is a Motion to Return Vehicle (the "Motion") filed by the Debtor in an action pending in the Portage County Court of Common Pleas in the matter styled as Grant Wilcox v. Jamie Carnahan, Case No. 2020-CRB-1324. The Motion was filed on November 5, 2020—**one day after the filing of the Debtor's chapter 13 case**. In the Motion, the Debtor makes 2 statements directly contradictory to his representation made under oath in his bankruptcy schedules. The first sentence of the Motion states as follows:

On July 5th, 2020, Jamie Carnahan took a 2016 Ford Fusion **belonging to victim Grant Wilcox** and **has't [sic] been seen since."** Emphasis added.

A review of the Debtor's Schedule A/B (Doc. No. 1) reveals that the Debtor failed to disclose the ownership of the Ford Fusion and given an opportunity to correct that error at the meeting of creditors, the Debtor denied owning the Ford Fusion. In the Debtor's Schedule J (Doc. No. 1) the Debtor claimed to be living with his girlfriend and her 3 children. In his Chapter 13 Statement of Current Monthly Income and Calculation of Commitment Period (the "Means Test") (Doc. No. 1) the Debtor claimed a household size of 5. The foregoing documents were filed one day **before** the Debtor filed the Motion representing to the Portage County Court of Common Pleas that he owned the Ford Fusion and had not seen Jamie Carnahan since July 5, 2020.

4. The Debtor has, without a doubt, made a false oath either in this case or in the Portage County case. Both statements cannot be true. The Debtor's Means Test should be deemed

to be based upon a household of one person cause of the Debtor's representations in the Motion filed in the Portage County Common Pleas Court and the Debtor's complete failure to provide reliable evidence to the contrary in this case.

WHEREFORE, Sara Butts, f/k/a Sara Wilcox respectfully requests that the Court deny confirmation of the Debtor's Second Amended Plan or, and in the alternative, deem the Debtor's household size to be a household of one person for the purposes of the Means Test, and grant any other and further relief that the Court deems just and proper.

Respectfully submitted,

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo (0059265)
3930 Fulton Drive NW, Suite 100B
Canton, Ohio 44718
Telephone: 330-305-9700
Facsimile: 330-305-9713
E-mail: tony@ajdlaw7-11.com

COUNSEL FOR SARA BUTTS
f/k/a SARA WILCOX

## CERTIFICATE OF SERVICE

I hereby certify that on February 16, 2021, a copy of the foregoing Reply was electronically transmitted via the Court's CM/ECF system to those listed on the Court's Electronic Mail Notice list:

- Keith Rucinski    efilings@ch13akron.com
- United States Trustee    (Registered address)@usdoj.gov

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

The undersigned hereby certifies that a copy of the foregoing Reply was served regular U.S. Mail, postage prepaid, upon those listed below, this 16th day of February, 2021.

/s/ Anthony J. DeGirolamo
Anthony J. DeGirolamo

Grant T. Wilcox
9858 Green Drive
Winham, Ohio 44288

**EXHIBIT A**

IN THE PORTAGE COUNTY MUNICIPAL COURT
RAVENNA DIVISION
PORTAGE COUNTY, OHIO

*********************************************************************************************

STATE OF OHIO ) CASE NO. R 20CRA 1324
CITY/VILLAGE OF _____, )
    Plaintiff, ) JUDGE MARK K. FANKHAUSER
-vs- )
Jamie Carnahan_____, ) PLEA OF GUILTY/NO CONTEST TO
    Defendant. ) CHARGE AND WAIVER OF RIGHTS

FILED
PORTAGE COUNTY MUNICIPAL COURT
OCT 23 2020
JILL FANKHAUSER, Clerk
RAVENNA, OH

*********************************************************************************************

I am entering a plea of guilty/no contest to the charge(s) of: __Unauthorized Use of Motor Vehicle__.

Before entering a plea of guilty or no contest to the charges brought against me, I have had the following rights and points of law explained to me:

1. I have the right to be represented by an attorney and that the Court will appoint an attorney for me if I cannot afford one.
2. I have the right to have the nature of the charge(s) and possible penalties explained to me.
3. I have the right to reasonable bond.
4. I have the right to have my case tried by a Jury or Judge.
5. I have the right to a reasonable continuance of my trial if I request.
6. I have the right to question any witnesses who testify against me.
7. I have the right to present witnesses on my behalf and to subpoena them to appear in Court.
8. I do not have to testify on my behalf and the State cannot force me to do so.
9. The State must prove all elements of the charge(s) beyond a reasonable doubt.
10. A plea of guilty is a complete admission of the truths of the facts in the complaint and of my guilt of the charge(s) brought by the State.
11. A plea of no contest is an admission of the truth of the facts in the complaint, but not an admission of guilt, but permits the Court to make a finding of guilty or not guilty. Such a plea cannot be used against me in any future civil or criminal proceedings.
12. A plea of not guilty is a complete denial of the facts as stated in the complaint and will require further proceedings.
13. If I enter a plea of guilty or no contest I waive all of these rights and the Court shall impose sentence without unnecessary delay.
14. If I enter a plea of guilty, I waive my right to appeal.
15. If I am not a citizen of the United States, pleading guilty or no contest to the offense that I am charged with may lead to my deportation, exclusion from admission to the United States or denial of naturalization.
16. Regarding payment of Court Costs:
    a. If the defendant fails to pay that judgment or fails to timely make payments towards that judgment under a payment schedule approved by the court, the court *may order* the defendant to perform community service in an amount not more the 40 hours per month until the judgment is paid or until the court is satisfied that the defendant is in compliance with the approved payment schedule.
    b. If the court orders the defendant to perform the community service the defendant will receive credit upon the judgment at the specified hourly rate per hour of community service performed will reduce the judgment by that amount.

These rights and points of law have been explained to me by the Court or my attorney. I understand these rights and points of law. I wish to enter a plea of guilty/no contest to these charges. I enter this plea knowingly, intelligently and voluntarily.

My plea is GUILTY/NO CONTEST (CIRCLE ONE).

_____        _____
DEFENDANT'S SIGNATURE                             ATTORNEY'S SIGNATURE

The Court finds that the Defendant has been apprised of his/her constitutional rights and that the Defendant understands them and that he/she has knowingly, intelligently and voluntarily waived them and accepts Defendant's plea of guilty/no contest.

If the Defendant's sentence includes jail time, the Defendant shall not appear at the Portage County Jail intoxicated or under the influence of drugs or alcohol. If Defendant does appear at the Portage County Jail intoxicated, he or she may receive imposition of the original jail sentence at the discretion of the Judge.

10-23-20                            _____
                                               JUDGE MARK K. FANKHAUSER

**EXHIBIT B**

State of Ohio,

    Plaintiff,

vs.                                   Case No. 2020-CRB-1324

Jamie Carnahan

    Defendant,

FILED
PORTAGE COUNTY MUNICIPAL COURT
NOV 05 2020
JILL FANKHAUSER, Clerk
RAVENNA, OH

## MOTION TO RETURN VEHICLE

Comes now the victims, Grant T. Wilcox and respectfully moving this court for an ordering releasing his vehicle back to him.

## MEMORANDUM IN SUPPORT

On July 5th, 2020, Jamie Carnahan took a 2016 Ford Fusion belonging to victim Grant Wilcox and has't been seen since. Defendant was subsequently charged with ORC 2913.03 Unauthorized use of a vehicle and pled guilty to the misdemeanor version of this offense. The victim moves this court for an order directing his 2016 Ford Fusion to be returned to him.

Respectfully Submitted,

*/s/ Grant Wilcox*

Grant Wilcox
9858 Green Drive
Windham, OH 44288
330-990-5416
grant.wilcox@gmail.com